UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REBEKAH A. LONG,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

    Defendant.

Case No. C07-5211 FDB

ORDER AWARDING ATTORNEY
FEES AND COSTS

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff seeks an award of $5,726.22 in attorney fees, $59.92 in expenses, and $19.25 in costs. The Defendant has filed a response stating the Commissioner has no objection to the requested fees, costs, and expenses.

The Ninth Circuit has established that the Equal Access to Justice Act (EAJA) applies in social security cases. Wolverton v. Heckler, 726 F.2d 580 (9th Cir. 1984).

The EAJA provides in pertinent part as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction over than action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

ORDER - 1

A party can be found to prevail when there is a "material alteration of the legal relationships of the parties," and the material alteration is "judicially sanctioned." Carbonell v. INS, 429 F.3rd 894, 898 (9th Cir. 2005). A material alteration of the legal relationships of the parties occurs when one of the parties is required to do something directly benefitting the other party that they would not otherwise have had to do. Id. at 900. A party need not succeed on every claim in order to prevail. Rather, a plaintiff prevails if he has succeeded on any significant issue in litigation which achieved some of the benefit sought in bringing suit. Id., nt. 5. A litigant prevails for purposes of awarding EAJA fees without a judicial judgement as long as the action has sufficient "judicial imprimatur." Id. at 899.

The Supreme Court has defined the term "substantially justified" as "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). To be substantially justified, the government must have "a reasonable basis both in fact and in law." Id. at 568. The Ninth Circuit has held that the government must be substantially justified during both the underlying agency action and the litigation itself. Al-Harbi v. INS, 284 F.3d 1080, 1084-85 (9th Cir. 2002). Thus, the government must meet this threshold twice - once with regard to the underlying agency action, and then with regard to its litigation position in the proceedings arising from that action. See, Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

The party seeking fees must submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved." Hensley v. Eckerhart, 461 U.S. 424, 431 (1983). However, "excessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. Id. at 434. Although the fee applicant bears the burden of documenting the appropriate hours expended, "the party opposing the fee application has a burden of rebuttal that requires submission of evidence

ORDER - 2

to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1993).

By Order dated April 7, 2008 this action was reversed and remanded to the Social Security Administration for further administrative proceedings. The Order is fully favorable to Plaintiff and materially advances her position. The Defendant's position was not substantially justified as defined by the EAJA, and that there are no special circumstances that would make an award in this case unjust. Counsel for plaintiff has filed his affidavit seeking attorney fees totaling $5,726.22 based upon an expenditure of 34.4 hours of attorney's time, $59.92 in expenses, and $19.25 in costs to maintain this action. The government has not claimed that the requested fee, costs, or expenses are inappropriate. The Court finds the requested fees, costs, and expenses to resolve this matter to be reasonable. Plaintiff has provided sufficient itemized statements of how the time was distributed.

ACCORDINGLY,

IT IS ORDERED:

Plaintiff's motion for an award of costs and attorney's fees [Dkt # 20] is **GRANTED**. Expenses in the amount of $59.92, costs in the amount of $19.25, and attorney's fees in the amount of $5,726.22 are awarded to Plaintiff's counsel, Robert A. Friedman, for a total award of $5,805.39

DATED this 24th day of July, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3